| AUSA: | Margaret Smith | Telephone: | (313) 226-9135 |
|---|---|---|---|
| Special Agent: | David M Alley | Telephone: | (313) 623-2106 |

AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

Eastern District of Michigan

| United States of America | Case: 2:20−mj−30438 |
|---|---|
| v. | Assigned To : Unassigned |
| Matthew Darrel CHILDERS | Assign. Date : 10/21/2020 |
| | CMP: USA v CHILDERS (MAW) |

**CRIMINAL COMPLAINT**

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __March 2020__ in the county of __Wayne__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 USC §§ 2251, 2252A(a)(5)(b), 2252A(a)(2) | the production, receipt and possession of child pornography |

This criminal complaint is based on these facts:

See Affidavit

☑ Continued on the attached sheet.

_____
Complainant's signature

Special Agent David M Alley
*Printed name and title*

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: __October 21, 2020__

_____
Judge's signature

City and state: __Detroit, MI__

Elizabeth Stafford, United States Magistrate Judge
*Printed name and title*

**AFFIDAVIT IN SUPPORT OF
AN APPLICATION FOR AN ARREST WARRANT**

I, Dave Alley, being first duly sworn, state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I am a Special Agent with Homeland Security Investigations (HSI), of the United States Department of Homeland Security (DHS). I am assigned to the Special Agent in Charge (SAC), Office of Investigations (OI) in Detroit, Michigan with offices located at 477 Michigan Ave, Suite 1850, Detroit, Michigan. I have been employed with HSI since March, 2007. I have successfully completed the Criminal Investigator Training Program and the Immigration and Customs Enforcement Special Agent Training Program at the Federal Law Enforcement Training Center in Glynco, Georgia. I have received a Bachelor's Degree in Criminal Justice from Michigan State University, as well as a Master's Degree in Criminal Justice from Michigan State University. I have successfully completed the Basic Computer Evidence Recovery Training (BCERT) at FLETC and the Advanced Computer Evidence Recovery Training at the Cyber Crimes Center (C3)

1

and the Cyber Crime Center Mobile and Cellular Device Data Extraction course and possess an A+ certification.

2. This affidavit is made in support of a criminal complaint and arrest warrant for **Matthew Darrel CHILDERS** (DOB XX/XX/1978) for violations of Title 18, United States Code, Sections 2251, 2252A(a)(5)(b) and 2252A(a)(2), which criminalize, among other things, the production, receipt and possession of child pornography and other related materials.

3. This affidavit is based on my personal knowledge, experience and training as well as on information obtained by me through investigative observations and conversations with other HSI agents and agents from other law enforcement agencies. This affidavit does not set forth every fact resulting from this investigation; rather, it contains a summary of the investigation to date for the limited purpose of establishing probable cause to obtain an arrest warrant for **Matthew Darrel CHILDERS.**

**Probable Cause**

4. In March 2020, a Taylor, MI Police Officer took a walk in report at the front desk for a Criminal Sexual Conduct complaint involving a Minor Victim (born 11/15/2003, hereafter MV-1) and her mother's live in boyfriend, identified as **Matthew Darrel CHILDERS**. MV-1's mother stated that MV-1 is cognitively impaired.

5. MV-1's mother stated that, while reviewing MV-1's phone, she found a text message conversation between **CHILDERS** and MV-1 in which **CHILDERS** made sexually explicit statements to MV-1. The messages included **CHILDERS** asking MV-1 for pictures and videos. MV-1's mother allowed Taylor Police officers to search MV-1's phone for further evidence or indication of Criminal Sexual Conduct. During a search of this phone, a Taylor Police officer located a "recently deleted" folder that had nude photos and a video of MV-1 masturbating.

6. On August 25, 2020, MV-1 was forensically interviewed and made disclosures that **CHILDERS** had "messed with her" while she was sleeping. This was later determined to mean that **CHILDERS** had digitally

penetrated MV-1. MV-1 stated that she woke up to **CHILDERS** doing this and pushed him out the door.

7. On October 13, 2020, Taylor Police received a phone call from **CHILDERS**, who stated that he wanted to discuss the above mentioned case. An interview was then set for October 15, 2020. On October 15, 2020, **CHILDERS** arrived at the Taylor Police Department for an interview. During this interview, **CHILDERS** stated that MV-1 had sent him pictures and videos that were sexual in nature. **CHILDERS** stated that he had deleted the text messages but saved all the pictures/videos in a folder on his iPhone. **CHILDERS** then showed the detective the videos voluntarily.

8. **CHILDERS** provided the passcode to the phone. The folder referenced above in which the images and videos of MV-1 were contained was found to be a password protected application. **CHILDERS** later provided the password for this application.

9. On October 16, 2020, I conducted a review of the iPhone seized from **CHILDERS** on October 15, 2020. I made the following observations:

    a. The presence of a password protected iPhone app titled "SPV," which is short for "Secret Photo Vault." The password provided by

**CHILDERS** opened this app. Contained with in the app were two folders, one of which was titled with what appeared to be a variation of MV-1's name. Your affiant observed the following images of investigative interest within this folder:

    i. Four close up videos of a female masturbating

    ii. One image of a nude female, displaying her bare breasts and vagina. The image is from the neck down.

    iii. Six images of a female with her breasts exposed or partially exposed.

b. The presence of two videos of investigative interest, specifically:

    i. This video is approximately 56 seconds in length and depicts a nude female in a bathroom touching her bare vagina. Another person appears to be filming this. A male voice is heard asking this female "what are you thinking about". While the female is sitting, what appears to be an adult male hand is observed touching her bare vagina and asking if the female will "shave that pussy for me tonight." The female then is

        observed on the ground and appears to begin performing oral sex on the male.

    ii. This video is approximately 22 seconds in length and appears to be a continuation of the above mentioned interview. The nude female is observed performing oral sex on the adult male as he asks "you wanna suck that dick? You wanna fuck me?" The male also asks: "you gonna come fuck me in a minute," as the female performs oral sex.

10. On October 18, 2020, MV-1 was interviewed by HSI Forensic Interview Specialist Amy Allen regarding the above-mentioned images and videos. MV-1 did not identify herself as the subject of the videos or images mentioned above, but instead stated that she believed it was her mother. MV-1 identified the adult male hand referenced above as belonging to **CHILDERS**. MV-1 was also able to identify clothing items observed in the above mentioned videos as belonging to her, including a bra. MV-1 stated that **CHILDERS** was mad at her for taking to the police regarding her abuse and asked her why she had "snitched" about it. MV-1 stated that **CHILDERS** had very recently told her to keep their sexual activity secret.

11. Following this interview, law enforcement and FIS Amy Allen interviewed MV-1's mother. MV-1's mother was able to identify a nude image found in the SPV app described above as MV-1. MV-1's mother stated that she was not the female depicted in the videos described above. MV-1's mother was able to positively identify MV-1 as the female depicted in a screenshot from the video referenced above. MV-1's mother also identified clothing observed in the video referenced above as belonging to MV-1. MV-1's mother stated that she was "100% sure" it was MV-1 in the video and would provide the clothing to law enforcement.

12. In August 2020, another child, an 11 year old female born in 2009 (Minor Victim Two, or MV-2) was interviewed by forensic specialists at Kids Talk. In that interview, MV-2 indicated that **CHILDERS** had penetrated her vagina with his penis, and it made her bleed.

13. On October 14, 2020, a reporting person (RP-1) contacted law enforcement to report that he/she obtained text message screenshots from CHILDERS, wherein CHILDERS asked MV-2's mother if MV-2 could spend the night, take a shower, and "have fun."  The screenshots were retained by law enforcement.

## CONCLUSION

14. Your Affiant respectfully submits that there is probable cause to believe that **Matthew Darrel CHILDERS (DOB XX/XX/1978)** violated Title 18, United States Code, Sections 2251, 2252A(a)(5)(b) and 2252A(a)(2), which criminalize, among other things, the production, receipt and possession of child pornography. Your affiant requests that the Court authorize the issuance of a criminal complaint and arrest warrant for **Matthew Darrel CHILDERS.**

_____
David M Alley
Special Agent
Homeland Security Investigations

Subscribed and Sworn to before me
on the ___th day of October, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

Date:  October 21, 2020